MTGLQ Invs., L.P. v Wise (2025 NY Slip Op 03566)

MTGLQ Invs., L.P. v Wise

2025 NY Slip Op 03566

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-05549
 (Index No. 7666/12)

[*1]MTGLQ Investors, L.P., respondent, 
v
Kathy Wise, et al., defendants; Armand Retamozzo, intervenor- appellant.

Sean Sabeti, Great Neck, NY, for intervenor-appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Max T. Saglimbeni and Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Armand Retamozzo, appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated June 22, 2021. The order, insofar as appealed from, denied those branches of the intervenor's motion which were to set aside the foreclosure sale of the subject property and to compel the referee to accept his bid for the purchase of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage on certain real property located in Manorville, an order and judgment of foreclosure and sale was issued on August 21, 2019, in the plaintiff's favor in the sum of $658,039.28. The order and judgment of foreclosure and sale directed that the property be sold at public auction. A referee conducted the public auction sale on October 23, 2019. The plaintiff's upset price was $427,750. The plaintiff's representative submitted a bid of $100, and the plaintiff was determined to be the prevailing bidder.
After the sale, Armand Retamozzo moved for leave to intervene in the action, to set aside the foreclosure sale of the property, and to compel the referee to accept his bid for the purchase of the property. Retamozzo asserted that he bid the sum of $200,000 for the property before the close of the auction, but the referee refused to accept his high bid and deposit and instead sold the property to the plaintiff for $100.
In an order dated June 22, 2021, the Supreme Court granted that branch of Retamozzo's motion which was for leave to intervene in the action, but otherwise denied the motion. Retamozzo appeals from so much of the order as denied those branches of his motion which were to set aside the foreclosure sale of the property and to compel the referee to accept his bid for the purchase of the property.
"CPLR 2003 authorizes the court to set aside a judicial sale for a failure to comply with the requirements of the [CPLR] as to the notice, time or manner of such sale, if a substantial right of a party was prejudiced by the defect" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 [*2]AD3d 756, 757 [internal quotation marks omitted]; see Guardian Loan Co. v Early, 47 NY2d 515, 520; Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d 659, 660). "Concomitantly, RPAPL 231(6) provides, in relevant part, that a court, within one year after a foreclosure sale, may set the sale aside for failure to comply with the provisions of this section as to the notice, time or manner of such sale if a substantial right of a party was prejudiced by the defect" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757 [internal quotation marks omitted]). "Moreover, in the exercise of its equitable powers, a court has the discretion to set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct" (id. [alteration and internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d at 660). "In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale" (Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d at 660).
Here, the record demonstrates that Retamozzo failed to present evidence of fraud, collusion, mistake, or misconduct that cast suspicion on the fairness of the sale, and failed to establish any other ground to warrant setting aside the foreclosure sale (see CPLR 2003; RPAPL 231[6]; Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d at 660; Bank of N.Y. Mellon Trust Co., N.A. v Gambino, 212 AD3d at 757).
Accordingly, the Supreme Court properly denied those branches of Retamozzo's motion which were to set aside the foreclosure sale of the property and to compel the referee to accept his bid for the purchase of the property.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court